# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MARIO ALBERTO SIMBAQUEBA | \* |
| PLANTIFF. | \* |
| | \* |
| VS. | \* |
| | \* |
| UNITED STATES | \* |
| DEPARTMENT OF DEFENSE | \* |
| DEFENDANT. | \* |
| | \* |

CV309-066

CIVIL ACTION No.

\* \* \* \* \* \* \* \* \* \*

\* **COMPLAINT** \*

\* \* \* \* \* \* \* \* \* \* \*

Plantiff **Mario Alberto Simbaqueba Bonilla** (hereinafter "Simbaqueba"), brings this action against defendant United States Department of Defense (hereinafter "DOD") to compel compliance with the freedom of Information Act, **5 U.S.C. §552** (hereinafter "F.O.I.A"). As grounds therefor, Plantiff allege as follows:

## J U R I S D I C T I O N   A N D   V E N U E

1. The Court has jurisdiction over this action pursuant to **5 U.S.C. §552(a)(4)(B)** and **28 U.S.C. §1331**.

2. Venue is proper in this District pursuant **28 U.S.C. §1391(e)**.

## P A R T I E S

3. Plantiff "Simbaqueba" resides as Federal inmate in the Southern District of Georgia at C.C.A. Correctional Facility, P.O. Drawer 30 McRae, Georgia 31055.

4. Defendant United States Department of Defense is an agency of the United States Government. Defendant has its principal place of business at 400 Army Navy Drive, Arlington, Virginia 22202-4704. Defendant has possession, custody and control of records to which Plantiff seeks access.

# S T A T E M E N T   O F   F A C T S

5.  This action is brought pursuant to the freedom of information act **5 U.S.C. §552**, as amended ("FOIA"), to compel the disclosure of records concerning to Plantiff "Simbaqueba".

6.  Plantiff is a Federal inmate serving a **9** year sentence derived from the United States District Court, Southern District Of Florida Case No. 07-CR-20987-HUCK, and is serving his sentence in the Southern District of Georgia.

7.  Defendant departments are within the executive branch of the United States Government, within the meaning of **5 U.S.C. §552(f)(1)**. They have possession and control of the records requested by "Simbaqueba".

8.  On June 10, 2009 "Simbaqueba" served a request for public records on the "DOD" office of the inspector general, requesting each and every record pertaining to himself.

9. On June 23, 2009 "DOD" rejected "Simbaqueba's" request. The "DOD" stated that the records requested were part of an "open investigation" and therefore denied the records under **Exemptions (2), (5), (6), (7)(A), (7)(B), 7(C), and (7)(E)** of the FOIA ACT. Also it assigned this request a reference number **Ref: 09-225**. A copy of the response is attached hereto as **EXHIBIT A.**

10. On July 27, 2009, "Simbaqueba" submitted an administrative appeal to the response **09-0225** to the office of communications and congress Liasion, in search of specific reasons why the records had been denied. A copy of this appeal is attached hereto as **EXHIBIT B.**

11. On an undated letter, Mr. John R, Crane (freedom of information act appellate authority) affirmed its earlier refusal to disclose the request records. It stated without elaboration that the records were part of an open investigation and proceeded to deny the appeal. A copy of this response is attached hereto as **EXHIBIT C.**

12. Because of the department's refusal to make the requested records available "Simbaqueba" has elected to proceed pro-se to pursue its rights under the FOIA act.

## C O U N T   I

## D E P A R T M E N T   O F   D E F E N S E

## ( V I O L A T I O N   O F   F . O . I . A )

13. This is an action pursuant to **5 U.S.C §552**.

14. "Simbaqueba" adopts the allegations set forth in paragraph 1 trough 12.

15. "Simbaqueba" requested records from the Department of Defense pursuant to F.O.I.A, to which it has statutory rights under **5 U.S.C. §552(a)(3)**.

16. The Department of Defense has refused to provide the records responsive to "Simabaqueba's" request.

17. F.O.I.A exemptions (2), (5), (6), (7)(A), (7)(C), (7)(E), the basis of "DOD" asserts for its denial does not exempt the requested records for release.

18. The "DOD" refusal to provide the request records violates **5 U.S.C. §552(a)(3)(A)**.

19 "Simbaqueba" has exhausted any and all administrative remedies to comply with **5 U.S.C. §552(a)(6)(c)**.

Wherefore, Plantiff respectfully requests that the Court: (1) declare Defendant's failure to comply with F.O.I.A to be unlawful; (2) enjoin Defendant from continuing to withhold unredacted records responsive to Plantiff's June 10, 2009 request; and grant such other further relief as this Court may deem just and proper.

DATED  22  SEPTEMBER, 2009

Respectfully Submitted,

MARIO ALBERTO SIMBAQUEBA
Pro-se
C.C.A. Correctional Facility
P.O. Drawer 30
McRae, GA 31055

# Exhibit "A"



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VA 22202-4704

Ref: 09-0225
June 23, 2009

OCCL

Mr. Mario Albert Simbaqueba Bonilla
Reg. No. 79997-004
C.C.A McRae
P.O. Drawer 30
McRae, GA 31055

Dear Mr. Bonilla:

This is in response to your June 10, 2009 Freedom of Information Act (FOIA) request seeking "access to the records maintained by your agency pertaining to myself." We received your request on June 16, 2009.

The document you requested is part of an open investigation. Therefore, until the investigation closes, I am denying the record under Exemption 2, 5, 6, (7)(A), (7)(C) and (7)(E) of the Freedom of Information Act, specifically, 5 U.S.C. § 552 (b)(2)(High), which pertains solely to the internal rules and practices of an agency, the release of which could risk circumvention of a statute, regulation or policy, 5 U.S.C. § 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the deliberative process privilege, 5 U.S.C. § 552 (b)(6), which pertains to information, the release of which, would constitute a clearly unwarranted invasion of personal privacy, 5 U.S.C. § 552(b)(7)(A), which applies to records or information compiled for law enforcement purposes during an open investigation, the release of which could reasonably be expected to interfere with law enforcement proceedings, 5 U.S.C. § 552(b)(7)(C), which pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy of individuals, and 5 U.S.C. § 552(b)(7)(E), which pertains to records or information compiled for law enforcement purposes, the release of which would disclose certain law enforcement techniques or procedures.

If you are not satisfied with this action, you may submit an administrative appeal to Mr. John R. Crane, Assistant Inspector General, Office of Communications and Congressional Liaison, Suite 1021, 400 Army Navy Drive, Arlington, Virginia 22202-4704. Your appeal should be postmarked within 60 days of the date of this letter, should cite case number 09-0225, and should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Dave Henshall
Senior Advisor, Information
and Privacy

# Exhibit "B"

<u>**MARIO ALBERTO SIMBAQUEBA BONILLA**</u>

<u>Reg. No: 78997-004</u>

<u>C.C.A. McRae</u>

<u>P.O. DRAWER 30</u>

<u>McRae, GA 31055</u>

**OFFICE OF COMMUNICATIONS AND CONGRESSIONAL LIASON**

**Mr. John R. Crane**

Assistant Inspector General

400 Army Navy Dr. / Suite 1021

Arlington, VA 22202-4704

RE: FREEDOM OF INFORMATION ACT (FOIA)

  APPEAL CASE No. 09-0225.

------------------------------------------------------------

<u>**ADMINISTRATIVE APPEAL**</u>

**I. <u>BACKGROUND</u>:**

  On  **June 10, 2009**,  MARIO  SIMBAQUEBA  BONILLA
(hereinafter "Simbaqueba"), filed a request seeking access
to the record mantain by department of defense (DOD), DCIS

- 2 -

(Defense Criminal Investigate Services) pertaining to himself pursuant **5 U.S.C §552**.

On **June 23, 2009**, the office of the Inspector General answered "Simbaqueba"'s petion, denying any an all information pursuant the following exemptions:

1. **5 U.S.C §552(2)**.
2. **5 U.S.C §552(6)**.
3. **5 U.S.C §552(7)(A)**.
4. **5 U.S.C §552(7)(c)**.
5. **5 U.S.C §552(7)(E)**.

That response was signed by DAVE HENSHALL, senior advisor, information and privacy.

This timely Administrative appeal pursuant **39 C.F.R §265** follows:

- 3 -

# D I S C U S S I O N

Congress enacted the **FOIA** in order to "pierce the vail of administrative secrecy and to open agency action to the light of public scrutiny" **Dep't of Air Force Vs. Rose**, 425 U.S 352, 361, 96 S.Ct 1292, 98, 48 L.Ed 2d, 11 (1976).

When on Judicial review, the Courts apply "reasonableness" test to determine the "adequacy" of a search methodology consistent with congressional intent tilting the scale in favor of disclosure", See **Campbell Vs. D.O.J**, 705 F.2d 20, 27 (D.C Cir, 1998).

The freedom of information act was conceived in a effort to permit access by the citizenry to most forms of Government records. In essence the act provides that all documents are available to the public unless specifically exempted by the act itself. [5 U.S.C §552(b)]. And the Courts have repeatedly stated that these exemptions from disclosure must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the act.

- 4 -

When the Government declines to disclose a document the burden is upon the agency to prove that the information sought fits under one of the exemptions to the **FOIA**.

Having this legal framework in mind an using what has been called **Vaugh Index**, named after case that gave birth to it **Vaugh Vs. Rosen, 484 F.2d 820 (D.C Cir, 1973)**, we will address the instant matter exemptions. invoked by the agency (DOD):

a. **Exemption 2 [5 U.S.C § (b)(2)]**.

Protects from disclosure records that are "related solely to the internal personnel rules and practices of an agency".

This exemption does not shield information on the sole basis that it is design for internally agency use. See **Fitzgibbon Vs. U.S Secret Service, 747 F.Supp 51, 56 (D.D.C 1990)**. This exemption appiles only to material that "meets the test of 'predominant internality' and where the disclosure significantly risks circumvention of agency regulations or statutes". **Crooker Vs Alcohol, Tobacco &**

- 5 -

**Firearms**, 670 F.2d, 1051, 1074 (D.C Cir, 1981). None of the explanations of the agency satisfy this burden. So here "Simbaqueba" has provided evidence of a genuine issue of material fact, and the documents cannot be withheld under **Exemption 2**.

b. **Exemption 5** [**5 U.S.C §552(b)(5)**].

Excludes from mandatory release "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

To qualify as exempt under this section, a document must meet two conditions "its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under Judicial standards that would Govern litigation against the agency that holds it" **Dep't of Interior Vs. Klamath Water Users Protective ass'n**, 523 U.S 1, 8, 121 S.Ct 1060, 149 L.Ed 2d, 87 (2001). Also some guidance is found in **Coastal States Gas Corp Vs. Department of Energy**, 617 F.2d 854, 866 (D.C Cir, 1980). Insofar as

- 6 -

the standard that would be used in a judicial review: "[t]o test whether disclosure of a document is likely to adversely affect the purposes of the privilege, Courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stiffle honest and frank communication within the agency". Here the agency DoD has the burden of showing that the documents meet the two condition named in [**Klamath**] so it fits the exemption.


c. **Exemption 6** [**5 U.S.C §(b)(6)**]

Provides that agencies need not disclose "personnel and medical files and similar files the disclosure of wich would constitute a clearly unwarranted invasion of personal privacy".

This exemption requires that there would be a "Clearly unwarranted disclosure" and this requirement requires the Courts to tilt the balance (of disclosure interest against privacy) in favor of disclossure. **Wash. Post. Co Vs. United States Dep't of Health & Human Servs**, 690 F.2d 252, 261

- 7 -

**(D.C CIr, 1982).** This exemptions creates a "heavy burden" under exemption 6, the presumption in favor of disclosure is a$\int$strong as can be found in the act. **ID**.

Furthermore the Courts have stated about the "Significant threat to privacy", in **National ass'n of Retired Federal Employees Vs. Horner**, 879 F.2d 873, 877 **(D.C CIr, 1989).** "We are thus left with Circuit precedent establishing only that the disclosure of names and addresses is not inherently and always a significant or a de minimis threats depend upon the characteristics revealed by virtue of being on the particular list, and the consequences likely to ensue".

"Simbaqueba" objects that the information withheld constitutes a clearly unwarranted invasion of personal provacy and asserts that DoD must show that this disclosure would constitute a "Clearly unwarranted" invasion of personal privacy.

**d. Exemption 7(A) [5 U.S.C §552(b)(7)(A)]**

"Records or information compiled for law enforcement

purposes, but only to the extent that the production of such law enforcement records or information...(A) could reasonably be expected to interfere with enforcement proceedings".

This exemption cannot justify withholding material unless it relates to a "Concrete prospective law enforcement proceeding". See **NLRB Vs. Robbins Tire & Rubber Co**, 437, U.S 214, 232, 98 S.Ct 2311, 57 L.Ed 2d 159 (1978).

"Simbaqueba" asserts thet **DoD** failed to establish that a law enforcement investigation is ongoing or leading to a concrete enforcement action.

e. **Exemption 7(c)** [**5 U.S.C §522(b)(7)(c)**]

"Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information.... (c) Could reasonably be expected to constitute an unwarranted invasion of personal privacy".

As the statutory language makes clear, the standard for evaluating the privacy interests implicated in records complied for law enforcement purposes under exemptions 7(c) is "Somewhat broader" that the applicable under Exemption 6 to personnel, medical or other files. See **U.S Dep't of Justice Vs. Reporters Comm for Freedom of Press**, 489 U.S 749, 756 (1989). The burden is placed on the withholding agency to show that any withheld documents fall within an exemption of **FOIA**. **Carney Vs. U.S Dep't of Justice**, 19 F.3d 807, 812 (2nd **Cir, 1994)**. Reasonably detailed affidavits or declarations are needed to see why **DoD** is withholding this documents. As always knowing that the basic purpose of **FOIA** is "open agency action to the light of public scrutiny" **Reporters Comm**, 489 U.S at 772.

## F. Exemption (7)(E) [5 U.S.C §552(b)(7)(E)]

"[r]ecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (7)(E) Would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law".

- 10 -

Exemption 7(E) provides categorical protection to information related to law enforcement techniques. See **Fisher Vs. DOJ**, 772 F.Supp 7, 12 (D.D.C, 1991). In some cases, it is not possible to describe secret law enforcement techniques without disclosing the information. See **National Security Archive Vs. F.B.I**, 759 F.Supp 872, 885 (D.C Cir, 1991). Still that doesn't excuse to agency from providing with information sufficient to decide whether the material is properly withheld under exemption 7(E). Petitioner asks **DoD** to provide greater detail as to why the release of information pertaining to him, would compromise law enforcement investigatory techniques. So as to this point petitioner asserts **DoD** statement are too conclusory with regards to this exemption.

Before we close this administrative appeal of the refusal of disclosure of information under the **FOIA** act we will discuss to concepts structural to support a refusal to disclose under the **FOIA** exemptions that the **DoD** failed to present. (a) **Vaughn Index**; (b) **Segregability**.


a. **Vaughn Index**:


In **Vaughn Vs. Rosen**, 484 F.2.820 (D.C. Cir, 1973), the

- 11 -

Court held that "it is vital that some process be formulated that will (1) assure that a party's right to information is not submerged beneath Governmental obfuscation and mischaracterization, and (2) permit the Court system effectively and efficiently to evaluate the factual nature of disputed information" and then the Court formulated what is known as the "Vaughn Index" that define the procedures for testing the classification of claims to exemptions consist of three simple steps to wit:

1. Detailed Justification.
2. Specificity, Separation, and Indexing.
3. Adequate adversary testing.

We ask that **DoD** to index the information refused in a manner consistent with [**Vaughn**] so it can support it's refusal.

b. **Segregability**:

FOIA provides that "[a]ny reasonably segregably portion of a record shall be provided to any person

- 12 -

requesting such record after deletion of the portions which are exempt under" the subsection setting forth the exemption. Indeed "the focus of FOIA is information not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material" **Mead Data Cent, Inc Vs. Dept of Air Force,** **566 F.2d 242 (D.C Cir, 1977).** Otherwise put "an entire document is not exempt merely because an insolated portion need not to be disclosed... [t]he agency may not sweep a document under a general alligation of exemption... [i]t is quite possible that a part of a document should be keep secret while part should be disclosed" **Vaughn, 484 F.2 at** **825.**

Petitioner asks **DoD** to make segregability findings to see if part of the documents could be disclosed.

## C O N C L U S I O N

As shown in the proceeding pages, **DoD** failed to prove that the information that it withheld falls into the **FOIA** exemptions also it failed to make specific findings regarding **Vaughn** index, and segregability of this information.

- 13 -

As petitioner knows it's highly improbable that the Government would rule against itself. Petitioner waits for the answer to the appeal to proceed to Judicial review that is where petitioner stands a chance.


Respectfully Submitted,



MARIO ALBERTO SIMBAQUEBA B.
Reg No: 78997-004


STATE OF GEORGIA )
                 )...ss:
COUNTY OF TELFAIR)


Sworn and subscribed before me this 22 day of ~~July~~ September, 2009 by Simbaqueba-Bonilla, Mario
Produce ID: Federal Register No. 78997-004.

NOTARY PUBLIC

# Exhibit "C"



**INSPECTOR GENERAL**
**DEPARTMENT OF DEFENSE**
**400 ARMY NAVY DRIVE**
**ARLINGTON, VA 22202-4704**

Ref: 09-0225A

OCCL

Mr. Mario Albert Simbaqueba Bonilla
Reg. No. 78997-004
C.C.A McRae
P.O. Drawer 30
McRae, GA 31055

Dear Mr. Bonilla:

This is in response to your July 27, 2009, letter, in which you are appealing our June 23, 2009, denial of your June 10, 2009, Freedom of Information Act (FOIA) request. We received your appeal on August 4, 2009.

The document you seek is part of an open investigation. Since the investigation is still open, I am denying your appeal pursuant to Freedom of Information Act sections:

- 5 U.S.C. § 552 (b)(2)(High), which pertains solely to the internal rules and practices of an agency, the release of which could risk circumvention of a statute, regulation or policy;

- 5 U.S.C. § 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the deliberative process privilege;

- 5 U.S.C. § 552 (b)(6), which pertains to information, the release of which, would constitute a clearly unwarranted invasion of personal privacy;

- 5 U.S.C. § 552(b)(7)(A), which applies to records or information compiled for law enforcement purposes during an open investigation, the release of which could reasonably be expected to interfere with law enforcement proceedings;

- 5 U.S.C. § 552(b)(7)(C), which pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy of individuals; and

- 5 U.S.C. § 552(b)(7)(E), which pertains to records or information compiled for law enforcement purposes, the release of which would disclose certain law enforcement techniques or procedures.

I am also denying your request for us *"to index the information refused in a manner consistent with [Vaughn]."* At the administrative stage the FOIA does not require the agency to create a Vaughn Index of the withheld documents.

Since I denied your request, you may either resubmit your FOIA at a future date or you may seek judicial review of this decision in a United States District Court, in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

John R. Crane
Freedom of Information Act
Appellate Authority

ROM:

MARIO ALBERTO SIMBAQUEBA
REG No. 78997-004
C.C.A. CORRECTIONAL FACILITY
P.O Drawer 30
McRae, GA 31055















7009 0960 0001 2200 0707

U.S. POSTAGE
PAID
MCRAE,GA
31055
SEP 23,'09
AMOUNT

$0.00
00037607-03

UNITED STATES
POSTAL SERVICE

1000          31401

TO:

U.S. District Court
Sothern District Of Georgia
Savannah Division
125 Bull Street, Room 304
Savannah, GA 31401