ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA   2010 MAY 28  AM 8: 27

DUBLIN DIVISION

MARIO ALBERTO SIMBAQUEBA,       )
                                )
            Plaintiff,          )
                                )
        v.                      )   CV 309-066
                                )
UNITED STATES DEPARTMENT OF     )
DEFENSE,                        )
                                )
            Defendant.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate currently at the Federal Detention Center in Miami ("FDC

Miami"), Florida, commenced the above-captioned case pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.[1]  Plaintiff is proceeding *pro se* and *in forma*

*pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's "Motion to Transfer

Action Pursuant [to] 28 U.S.C. § 1404 and Extension of Time to Serve Process"[2] (doc. nos.

12-1, 12-2), and Defendant's "Motion to Dismiss, or Alternatively, for Transfer of Venue"

(doc. no. 16). Plaintiff has responded to Defendant's motion. (Doc. no. 18). For the reasons

set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion to

---

[1]At the time Plaintiff commenced this action, he was incarcerated at McRae
Correctional Facility ("MCF"), in McRae, Georgia. (Doc. no.1).

[2]As Defendant was timely served (see doc. no. 19), Plaintiff's motion as it relates to
service (doc. no. 12-2), should be deemed **MOOT**. The Court will address Plaintiff's
transfer of venue request *infra*.

Transfer Action Pursuant [to] 28 U.S.C. § 1404 and Extension of Time to Serve Process" (doc. nos. 12-1, 12-2) be **DENIED** as to Plaintiff's request to transfer venue to the Southern District of Florida, and be deemed **MOOT** as to his request concerning service. Additionally, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss or in the alternative motion for transfer of venue (doc. no. 16) be **DENIED IN PART** and **GRANTED IN PART**, that Defendant's request that Plaintiff's case be dismissed be **DENIED**, that Defendant's request that Plaintiff's case be transferred be **GRANTED**, that Plaintiff's case should be **TRANSFERRED** to the United States District Court in the Southern District of Ohio for further consideration, and that this civil action be **CLOSED**.

## I.     BACKGROUND

Plaintiff names the United States Department of Defense ("DOD") as the sole Defendant in this case. (Doc. no. 1, pp. 1, 4). Plaintiff seeks to compel the DOD to comply with the FOIA and provide him with public records in the DOD's files that pertain to him. (Id. at 3). Plaintiff maintains that on June 10, 2009, he served a request for public records on the DOD requesting the above-mentioned records. (Id.). However, according to Plaintiff, on June 23, 2009, the DOD rejected his request. (Id. at 4). The DOD's stated reason for rejecting the request was that the records were a part of an open investigation and therefore were exempt under the FOIA. (Id.). Plaintiff maintains that he has exhausted his administrative remedies, and because of Defendant's refusal to provide Plaintiff with the requested records, he has elected to pursue his rights in federal court. (Id.).

Because Plaintiff's complaint was filed IFP, the Court screed the complaint pursuant

2

to 28 U.S.C. §§ 1915(e) & 1915A. (Doc. no. 13). The Court allowed Plaintiff's FOIA claim against Defendant to proceed. (Id.). Defendant now requests that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue, or in the alternative that the case be transferred to either the United States District Court for the District of Columbia or the United States District Court for the Southern District of Ohio, where venue is proper. (Doc. no. 16).

In support of its motion, Defendant provides the following.[3] At the time Plaintiff commenced this action, he was a federal inmate housed at MCF. (Doc. no.1; doc no. 16, Ex, A). After Plaintiff commenced this case, he was transferred to FDC Miami. (Doc. no. 15; doc. no. 16, Ex. B). According to Defendant, Plaintiff is a citizen of the Republic of Columbia. SA Olmstead states that pursuant to his investigation concerning Plaintiff's and Ms. Valero's computer fraud and identity theft, he (SA Olmstead) did not identify a residence or current place of business for Plaintiff in the United States.[4] (Id., 5). In August 2007, Plaintiff was arrested upon his arrival in Florida, at the Miami International Airport. (Id., ¶ 3). After his arrest for the computer fraud and identity theft charges, Plaintiff was convicted, and was sentenced on April 11, 2008, to 108 months of incarceration. (Id., ¶ 3).

---

[3]Defendant's facts are derived from Special Agent James E. Olmstead's ("SA Olmstead") declaration attached to Defendant's motion. (Doc. no. 16, Ex. 1 (Olmstead Decl.)). SA Olmstead is employed at the Defense Criminal Investigative Service ("DCIS") and is the lead agent in the DCIS investigation concerning Plaintiff and co-defendant Neyla Alexandrea Valero, related to computer fraud and identity theft. (Id., ¶¶ 1, 2).

[4]Although SA Olmstead did not identify any current place of business in the United States, it was determined that in June 2001, Plaintiff and Ms. Valero registered a company with an address in Miami Lakes, Florida, with the Florida Department of State. (Olmstead Decl., ¶ 5). Notably, however, the company was administratively dissolved in October 2002 for failure to file an annual report. (Id.).

Plaintiff's co-defendant, Ms. Valero, is an indicted fugitive, and as such, her investigation/case file remains open. (Id., ¶ 2). It appears that DCIS's case file concerning Plaintiff and Ms. Valero is the subject of Plaintiff's FOIA request.

Although Plaintiff originally requested that his case be transferred to the United States District Court for the Southern District of Florida, where he is currently incarcerated (doc. no. 12, p. 5), Plaintiff now acknowledges that venue is improper in both the Untied States District Courts for the Southern Districts of Georgia and Florida (doc. no. 18). Nonetheless, Plaintiff requests that rather than dismiss his case, that the Court transfer the case to the proper venue under 5 U.S.C. § 552(a)(4)(B).

## II.   DISCUSSION

### A.   Applicable Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a claim for improper venue. When the defendant challenges venue, "the plaintiff bears the burden of showing that venue in the forum is proper." Pinson v. Rumsfield, 192 Fed. App'x 811, 817 (11th Cir. 2006). In considering a motion under Rule 12(b)(3), a court must accept the facts in the plaintiff's complaint as true. However, when a Rule 12(b)(3) motion is predicated upon key issues of fact, the court may consider matters outside the pleadings. Curry v. Gonzales, Civil Case No. 105-2710, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006). Conflicts between allegations in the complaint and evidence outside the pleadings must be resolved in favor of the plaintiff. Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

Venue for civil actions alleging a FOIA violation is governed by 5 U.S.C. §

4

552(a)(4)(B) which provides that an agency may be sued in one of four places; more specifically:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

Id.

## B. Improper Venue

As set forth above, for venue to be proper in the Southern District of Georgia, Plaintiff would have to 1) be a resident of this District; 2) have his principle place of business in this District; or 3) the records he seeks would have to be maintained in this District. First, the case file concerning Plaintiff's and Ms. Valeros's computer and identity fraud - the documents that are the subject of Plaintiff's FOIA request - is maintained at the DCIS office in Columbus, Ohio, not within the Southern Districts of Georgia or Florida.[5]  Second, SA Olmstead's investigation revealed that Plaintiff does not have a residence or a principle place of business in the United States. (Olmstead Decl., ¶ 5). Furthermore, although Plaintiff was incarcerated at MCF, in the territorial jurisdiction of the United States District Court in the Southern District of Georgia at the time he commenced this case, and is currently incarcerated at FDC Miami, in the territorial jurisdiction of the United States District Court in the Southern District of Florida, a prisoner's place of incarceration is not considered his

---

[5]As noted above, Plaintiff sought to have his case transferred to the United States District Court for the Southern District of Florida. (Doc. no. 12).

residence for purposes of venue. Ellingbur v. Connet, 457 F.2d 240, 241 (5th Cir. 1972)[6] (holding that for purposes of venue, a prisoner does not change his residence to the prison by virtue of being incarcerated); see also Urban Indus., Inc. of Ky., v. Thevis, 670 F.2d 981, 986 (11th Cir. 1982) (concluding prisoner retained his Georgia residence despite his incarceration in Indiana). Thus, his current physical location is not determinative for purposes of venue.

In sum, the record reflects that the documents that are the subject of Plaintiff's FOIA request are maintained in Columbus, Ohio, and Plaintiff is not a resident of, nor does he have a principle place of business in, either the Southern Districts of Georgia of Florida. Therefore, venue is not proper in this District or in the Southern District of Florida. Indeed, Plaintiff concedes that venue is not proper in Georgia or Florida. (Doc. no. 18, p. 5). Because venue in the Southern District of Georgia is improper, Plaintiff's case must either be dismissed or transferred to a proper venue.

"[T]he decision whether to transfer a case is left to the sound discretion of the district court." Roofing & Sheet Metal Servs., Inc. v La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982). Generally, transfers based on the interest of justice are favored over the dismissal of actions. In the interest of justice, it is appropriate to transfer this case to the proper venue. Defendant has indicated that in the event Plaintiff's claim is not dismissed, transfer to either the United States District Court for the District of Columbia or the United States District Court for the Southern District of Ohio (where the records are located), would

---

[6]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

be appropriate. As the documents that are the subject of Plaintiff's FOIA request are maintained in Columbus, Ohio, the Court finds that venue is appropriate in United States District Court for the Southern District of Ohio.

## III.   CONCLUSION

Accordingly, for the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion to Transfer Action Pursuant [to] 28 U.S.C. § 1404 and Extension of Time to Serve Process" (doc. nos. 12-1, 12-2) be **DENIED** as to Plaintiff's request to transfer venue to the Southern District of Florida, and be deemed **MOOT** as to his request concerning service. Additionally, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss or in the alternative motion for transfer of venue (doc. no. 16) be **DENIED IN PART** and **GRANTED IN PART**, that Defendant's request that Plaintiff's case be dismissed be **DENIED**, that Defendant's request that Plaintiff's case be transferred be **GRANTED**, that Plaintiff's case should be **TRANSFERRED** to the United States District Court in the Southern District of Ohio for further consideration, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7